UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | Cause No. 17-34196 |
| | § | |
| VANDERHALL EXOTICS | § | |
| OF HOUSTON, L.L.C. | § | |
| | § | CHAPTER 11 |
| | § | |
| DEBTOR | § | |

## DEBTOR'S EMERGENCY MOTION FOR PRELIMARY, INTERIM, AND FINAL USE OF CASH COLLATERAL

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND ACOPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES GREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEYS.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**THE DEBTOR WILL REQUEST THAT THE BANKRUPTCY COURT CONSIDER AND ACT ON THIS MOTION AT THE HEARING SCHEDULED FOR _____ P.M. ON _____ \_\_\_ \_\_\_, 2017 IN COURTROOM \_\_\_\_ FOR THE AUTHORIZATION TO PAY PRE-PETITION EMPLOYEES.**

TO THE, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, VANDERHALL EXOTICS OF HOUSTON, L.L.C. (hereinafter referred to as the "Debtor"), Debtor and Debtor-in-Possession, and files this Debtor's Emergency Motion For Preliminary, Interim and Final Use of Cash Collateral, pursuant to 11 U.S.C. § 363, Fed. R.

Bank. P. 4001, and Local Bankr. R. 4001-1(b), and in support thereof would show this Court as follows:

## I. Jurisdiction and Venue

1. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A) and (D). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a). This Court has the constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have the constitutional authority to enter a final order or judgment in this matter, the Debtor consents to the entry of a final order or judgment by this Court in this matter.

## II. Relief Requested

2. The Debtor requests preliminary and interim use of its cash collateral to pay its necessary expenses of its business in the ordinary course. The Debtor also requests, upon notice and a hearing, a final order authorizing its continued use of cash collateral.

## III. Reasons Why the Relief Should be Granted

3. On July 5th, 2017, the Debtor filed a voluntary petition for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtor is operating its business as a debtor-in-possession. No trustee or examiner has been appointed, and no official committee of unsecured creditors has yet been formed.

4. The Debtor operates a Vehicle Dealership. The Debtor has outstanding loans and lines of credit secured by assets that may constitute cash collateral with the following entities: Westlake Flooring Services (UCC Statement filed 5/17/2016), National Equipment Financing, Westbound Bank (UCC Statement filed 2/6/2017), Allegiance Bank and Third Coast Bank (UCC Statement filed 2/25/2016); No UCC statements were found for Allegiance Bank and National Equipment Financing. The above entities in this paragraph are described as the "Cash Collateral Secured Creditors."

5. The Cash Collateral Secured Creditors may have liens and security interests on the vehicles and an Airplane of the Debtor, including its proceeds of sales, accounts receivable and/or inventory. Aside from its proceeds of sales and cash from the collection of accounts receivable, the Debtor has no other source of funds to continue to operate its business. Thus, to the extent liens and security interests constitute cash collateral, the Debtor requires an order from this Court granting it authority to use its cash on necessary operating expenses.

6. Under 11 U.S.C. §363(c)(2), a debtor may use its cash collateral if each entity that has an interest in such cash collateral consents or if the Court, after notice and a hearing, authorizes the use of the cash collateral. Under 11 U.S.C. §363(c)(3), the Court must condition the debtor's use of its cash collateral as is necessary to provide adequate protection of the interest in the cash

collateral claimed by a party. At a hearing on a debtor's motion for use of cash collateral, the debtor bears the burden of proof on the issue of adequate protection, and the party claiming an interest in the cash collateral bears the burden of proof on the issue of the validity, priority, or extent of the lien. 11 U.S.C. § 363(p).

7. The Debtor requests preliminary and interim authorization to use cash collateral of the Cash Collateral Secured Creditor as set forth in the interim budget attached hereto as Exhibit A until a final order granting further use of cash Collateral can be entered. The Debtor is without sufficient funds, other than the cash collateral, to operate for days until a final hearing on this Motion can be held. The Debtor's inability to timely pay the costs and expenses set forth herein will result in immediate and irreparable harm to the estate. Because the Debtor's request for interim authorization seeks the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the value of the estate pending a final hearing, the request complies with Rules 4001(b)(2) and 6003 of the Federal Rules of Bankruptcy Procedure.

8. The interim budget itemizes the uses of cash by budgetary category and includes a list of business expenses that are reasonable and necessary and that must be paid until such time as a final hearing on the Motion can be held. The Debtor proposes that any amounts listed in the interim budget that are unused in any week may be carried over and used by the Debtor in any subsequent week, on a line-item basis.

9. The Debtor also requests that the Court authorize it to continue to use cash collateral for the Cash Collateral Secured Creditors on a final basis as will be set forth in a final budget to be submitted to the Court in connection with a final hearing on the Motion.

10. Bankruptcy Code § 363(e) provides that "on request of an entity that has an interest in property used . . . or proposed to be used . . ., the court . . . shall prohibit or condition such use. . . as is necessary to provide adequate protection of such interest." Bankruptcy Code § 361 sets forth a non-exclusive list of forms of adequate protection, which include periodic cash payments, additional liens, replacement liens, and other forms of relief. 11 U.S.C. § 361. A determination of adequate protection is decided on a case-by-case basis, involving a consideration of the "nature of the creditor's interest in the property, the potential harm to the creditor as a result of the property's decline in value and the method of protection." *In re Braniff Airways, Inc.*, 783 F.2d 1283, 1286 (5th Cir. 1986). The purpose of adequate protection is to ensure that a secured party's economic position is not worsened because of the filing of a bankruptcy case. *In re DeSardi*, 340 B.R. 790, 804 (Bankr. S.D. Tex. 2006).

11. The Debtor proposes to adequately protect the interest of the Cash Collateral Secured Creditors in their cash collateral in a number of ways. First, the Debtor will provide post-petition liens on accounts and receivables to protect the lender(s).

12. In addition, the Debtor will provide the Cash Collateral Secured Creditors with information relating to projected revenues and expenses, actual revenue and expenses, and variances from the interim budget. This information will enable the Cash Collateral Secured Creditor to monitor their interests in the cash collateral. Reporting of financial information is a sufficient form of adequate protection. *See, e.g., Mutual Benefit Life Ins. Co. v. Stanley Station Assocs., L.P. (In re*

*Stanley Station Assocs., L.P.)*, 140 B.R. 806, 809 (D. Kan. 1992) ("In addition, we believe the request of MBL for 'timely filing of proper monthly operating reports . . .' falls within the ambit of adequate protection . . . ."); *Sumitomo Trust & Banking Co. v. Holly's, Inc. (In re Holly's, Inc.)*, 140 B.R. 643, 706 (Bankr. W.D. Mich. 1992) (reports required as part of adequate protection).

13. An immediate need exists for the Debtor to obtain approval of this motion which seeks authority to use cash collateral in order to pay employee salaries, office supplies, utilities, insurance, Ebay expenses and other ongoing expenses in the ordinary course of the business. The Debtor to pay Ebay expenses to continue to sell vehicles on Ebay making the cash critical each day. For example, if the Debtor cannot pay for the Ebay expenses, it cannot operate and its business will cease to exist. The Debtor's payroll must be paid on a bi-weekly basis, with payroll being due on June 16, 2017. Thus, the Debtor must have a hearing to determine its authority to use cash collateral at the Court's earliest date possible.

14. Without the immediate ability to use the cash collateral for an interim period, the Debtor cannot operate its business and will suffer the loss of employees, loss of revenue, and probable termination of the business. A complete shutdown of the Debtor's businesses, even for a short period, would result in the loss of customers, further damaging the estate. Pursuant to Bankruptcy Rule 4001, the Debtor requests that the Court set an emergency hearing on the preliminary and interim use of cash collateral, and that at such emergency hearing, the Court authorize the Debtor's use of cash collateral consistent with the interim budget, in order to avoid immediate and irreparable harm to this estate pending a final hearing.

15. Furthermore, to successfully implement the foregoing, the Debtor requests a waiver of the notice requirements of Bankruptcy Rule 6004(a). The exigent nature of the relief sought herein justifies immediate relief, which is necessary for the Debtor to be able to continue to operate its business and preserve value in the estate.

16. The Debtor also requests a final hearing as soon as the Court's schedule permits in order to consider the Debtor's request for use of the cash collateral on an ongoing basis.

WHEREFORE, PREMISES CONSIDERED, the Debtor prays that this Court:

>  (1) set an emergency preliminary hearing to consider the Debtor's interim use of Cash Collateral,
> 
>  (2) authorize the Debtor's use of Cash Collateral on an interim basis,
> 
>  (3) grant replacement liens and other rights to Westlake Flooring Services, National Equipment Financing, Westbound Bank, Allegiance Bank and Third Coast Bank as adequate protection for the use of the Cash Collateral, if necessary, and
> 
>  (4) set a final hearing to consider the Debtor's ongoing use of Cash Collateral (and the granting of post-petition replacement liens, if necessary) during the pendency of this case

and after hearing evidence, authorize the Debtor's use of cash collateral on an ongoing final basis.

DATED: July 5, 2017

Respectfully submitted,

/s/ Nima Taherian
Nima Taherian
TBN 24045293
701 N. Post Oak Rd. Ste 216
Houston, TX 77024
Tel 713-540-3830
Fax 713-862-6405
nima@ntaherian.com

## CERTIFICATE OF EMERGENCY

The undersigned certifies that an emergency exists. Authority to use cash collateral is essential for the Debtor to continue its operations.

/s/ Nima Taherian
Nima Taherian
Attorney for Debtor


## Certificate of Service

I hereby certify that a true and correct copy of the foregoing has been served upon those entities listed below via the Court's ECF/PACER system and/or by email, fax or by telephone as shown by each creditor or party in interest on this the 5th day of July, 2017.

**U.S. Trustee** (By ECF)
United States Trustee
515 Rusk Street, Room 3516
Houston, Texas 77002

**Debtor**
Vanderhall Exotics of Houston, LLC
By email

Allegiance Bank; PO Box 41314; Houston, TX 77241-13114 via ECF
Ross, Banks, May, Cron & Cavin, PC; 7700 San Felipe, Ste 550; Houston, TX 77063 via ECF

/s/Nima Taherian

                                                     Nima Taherian

Creditors and parties in interest to be served with motion and date and time for hearing upon court setting hearing and separate certificate of service to be filed upon date for hearing.

JR Jones Law PLLC; 6026 Remson Hollow Ln; Katy, TX 77494
Lewis, Brisbois, Bisgaard & Smith, LLP; 2100 Ross Avenue, ste 2000; Dallas, TX 75201
National Equipment Financing; 501 Merritt Seven, 6th Floor; Norwalk, CT 06851
Strategic Funding Sources; 120 W. 45th Street; New York, NY 10036
The Dushkin Law Firm; 4615 Southwest Fwy, Ste 600; Houston, TX 77027
Third Coast Bank SSB; 20202 Highway 59 North, Ste 190; Humble, TX 77338
Wells Fargo Bank, N.A.; d/b/a Wells Fargo Dealer Services; 420 Montgomery St; San Francisco, CA 94104
Wells Fargo Dealer Services; PO Box 997517; Sacramento, CA 95899-7517
Westbound Bank; 655 W. Grand Parkway South; Katy, TX 77494
Westlake Flooring Services; 4751 Wilshire Blvd, Ste 100; Los Angeles, CA 90010


/s/Nima Taherian
Nima Taherian

**Budget Vanderhall Exotics of Houston, LLC**

| Dates | July.3 | July.10 | July.17 | July.24 |
|---|---|---|---|---|
| Receivables | $23,575 | $23,575 | $23,575 | $23,575 |
| Payroll | -$12,150 | $0 | -$12,150 | $0 |
| Reserve Cash(From Previous Week) | $8,560 | $16,235 | $36,060 | $43,735 |
| Utilities | -$200 | -$200 | -$200 | -$200 |
| Office Lease | -$375 | -$375 | -$375 | -$375 |
| Insurance | -$250 | -$250 | -$250 | -$250 |
| Medical Ins | $0 | $0 | $0 | $0 |
| eBay | -$2,000 | -$2,000 | -$2,000 | -$2,000 |
| Car Subs. | -$925 | -$925 | -$925 | -$925 |
| Net Cash | $16,235 | $36,060 | $43,735 | $63,560 |