IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re | § § § | Chapter 11 |
| Vanderhall Exotics of Houston, LLC, | § § | Case No. 17-34196 |
| Debtor. | § § § | |

**NATIONS EQUIPMENT FINANCE'S EMERGENCY MOTION
FOR AN ORDER OF CONTEMPT, FOR SANCTIONS AND
TO SHOW CAUSE AGAINST JOHN LEONTARITIS**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**THERE WILL BE A HEARING ON THIS MOTION ON JULY __, 2017 AT _____ __.M. IN COURTROOM 400, 515 RUSK STREET, HOUSTON, TEXAS 77002.**

**AN EMERGENCY EXISTS DUE TO THE DEBTOR'S FAILURE TO COMPLY WITH ORDERS OF THIS COURT AND OBLIGATIONS OF THE DEBTOR, AND THUS CONSIDERATION IS REQUESTED IMMEDIATELY. MORE SPECIFICALLY, MR. LEONTARITIS, THE INDIVIDUAL THAT IS THE SUBJECT OF THIS MOTION INTENDS TO LEAVE THE COUNTRY, SOMETIME PRIOR TO JULY 24, 2017**

TO THE HONORABLE DAVID R. JONES, CHIEF UNITED STATES BANKRUPTCY JUDGE:

Nations Equipment Finance, LLC and Nations Fund I, LLC (collectively, "**Nations**,"), hereby respectfully moves this Honorable Court for the entry of an Order of Contempt, for Sanctions and to Show Cause, against John Leontaritis ("**Mr. Leontaritis**"), based upon the following:

## I.
## RELEVANT FACTUAL BACKGROUND – IN THIS COURT

1. The facts and circumstances that warrant an immediate Order of Contempt and Sanctions against Mr. Leontaritis and the setting of a Hearing on an Order to Show Cause to Mr. Leontaritis are relatively simple and clearly undisputed.[1]

2. Each of the facts and circumstances detailed herein demonstrate several simple facts – facts that have been borne out multiple times – Mr. Leontaritis consistently and intentionally ignores and flaunts his disregard for Court Orders.

3. Mr. Leontaritis is the Debtor's sole and managing member of the Debtor and has complete control over the Debtor's actions.

4. On July 11, 2017, this Court heard, considered and granted *Nations Equipment Finance's Emergency Motion for the Appointment of a Chapter 11 Trustee* (the "**Trustee Motion**") [Docket Nos. 18 and 38]. In connection with the Trustee Motion, Mr. Leontaritis testified, under-oath, on July 11, 2017, with respect to, *inter alia*, the following:

---

[1] Each of the facts detailed in this Motion are supported by, *inter alia*, the Declaration of Michael D. Warner, attached hereto, incorporated herein by this reference and marked as **Exhibit 1**.

a. He will produce, to counsel for Nations, Michael D. Warner, no later than <u>close of business on July 12, 2017</u>, a report of all vehicles (identified by Vehicle Identification Number, year, make and model), owned, leased, rented, maintained, sold, or in which the Debtor otherwise has an interest (the "**Master Vehicle List**");

b. He will produce, to counsel for Nations, Michael D. Warner, no later than <u>close of business on July 15, 2017</u>, the Master Vehicle List, updated to provide the current location of each listed vehicle, and the name and address of all counter-parties (rental parties, buyers, lessees, etc.), and details of all transactions with respect to leased, rented, and sold vehicles (the "**Updated Master Vehicle List**"); and

c. He will appear and be examined, pursuant to Federal Rule of Bankruptcy Procedures, Rule 2004, both individually and as the Managing Member of the Debtor (a corporate representative) at 9:00 a.m. Central Time on <u>July 27, 2017</u>, at a location to be subsequently identified, in the City of Houston, Texas, without the need for further issuance of a Subpoena or Court Order, with such examination to be conducted by any interested party, including, the Trustee (the "**2004 Examination**").

## II.
## MR. LEONTARITIS' BREACHES – THE MASTER VEHICLE LIST

5. While ultimately Mr. Leontaritis provided the Master Vehicle List – he did so late. It was **not until 9:41 a.m. Central Time on July 13, 2017** – rather than on July 12, 2017 as Mr. Leontraritis agreed at the Hearing on the Trustee Motion – that parties received the Master Vehicle List Received.

53477/0016-14692109v4

### III.
### MR. LEONTARITIS' BREACHES – THE UPDATE MASTER VEHICLE LIST

6. A copy of the Updated Master Vehicle List, received from Mr. Leontaritis, is attached hereto, incorporated herein by this reference, and marked as **Exhibit 2**. The Updated Master Vehicle List is, for the most part, unusable, and more importantly, does not contain the information that was required to be produced.

7. The Updated Master Vehicle List contains 7 different *letter identifications,* provided by Mr. Leontaritis, preceding each listed vehicle; and Mr. Leontaritis' *key* for such letter identifications are as follows:

> "T" - Taken/reported stolen
>
> "I" - In house financed. Customer still owes balance
>
> "L" - Loaned out to client. We are getting back
>
> "S" - In the shop getting repaired.
>
> "R" - Rented out.
>
> "M" - Missing (We don't know the status).
>
> "H" -

8. The problem with the information supplied by Mr. Leontaritis is that it is lacking what is ultimately necessary to recover the vehicles. Mr. Leontaritis knew while testifying before the Court on July 12, 2017, that the information to be listed on the Updated Master Vehicle List was necessary in order for the Trustee and parties in interest to be able to collect and recovery the vehicles. By way of example, the Updated Master Vehicle List, lacks the following information:[2]

---

[2] Mr. Leontaritis should not be permitted to feign ignorance of the information that the Trustee and interested parties would need to protect the vehicles. Mr. Leontaritis professes years in the exotic vehicle business, and thus, should

**"T" - Taken/reported stolen**
- No details are provided on where it was "stolen" from or on what date it was "stolen;"
- No details are provided as to the filing of an insurance claim; and
- No details are provided as to the filing a theft report with authorities.

**"I" - In house financed. Customer still owes balance**
- No details are provided as to the name, address and other contact information for the "customer;"
- No details are provided as to the balance owed by the customer;
- No details are provided as to the monthly payments to be made and the current status thereof from the customer;
- No details are provided as to the transaction structure, *to wit*: secured loan, lease transaction, etc.

**"L" - Loaned out to client. We are getting back**
- No details are provided as to the name, address and other contact information for the "client;"
- No details are provide as to the economic structure of the "loan" transaction; and
- No details are provided as to the timing of the recovery of the vehicle.

**"S" - In the shop getting repaired.**
- No details are provided as to the name, address and other contact information for the repair shop where the vehicle is located;
- No details are provided as to what the repair work being done is and the related economic cost thereof; and
- No details are provided as to any insurance that may be available to recover the repair work.

**"R" - Rented out.**
- No details are provided as to the name, address and other contact information for the party "renting" the vehicle;
- No details are provided as to the balance owed by the customer;
- No details are provided as to the monthly payments to be made and the current status thereof, from the customer;
- No details are provided as to the transaction structure, *to wit*: term, rate, insurance requirements, etc.

---

have a dearth of understanding of the information that would be relevant. More importantly, prior to Mr. Leontaritis' testimony under-oath, Mr. Leontaritis responded to 3 hours of questioning by counsel for various interests parties, on a host of issues, primarily focused on the status of vehicles, including the location of specific vehicles, the use of vehicles, the current repair status of vehicle, and the income being derived from vehicles. Thus, the following infirmities in the details provided in the Updated Master Vehicle List should be absolutely no surprise to Mr. Leontaritis.

**"M" - Missing (We don't know the status).**
- This category is probably the most troubling, in that no information is provided as to why a vehicle is "missing";
- No details are provided as to when Mr. Leontaritis could last have identified the status of the vehicle;
- No details are provided as to what is being done by Mr. Leontaritis to "find" the vehicle; and
- No details are provided as to insurance claims, or theft claims with authorities.

**"H" –**
- No definition of the identification "H" is provided (notwithstanding it is assumed to be "Have");
- No description of Debtor's interest in any or all vehicles (i.e. possessory, subject to a security interest, etc.) that are in the debtor's possession or control; and
- No details are provided for the vehicles' current location.

9. Many of the forgoing infirmities were specifically identified and *called-out* by the Trustee, in an E-Mail to, *inter alia*, counsel for the Debtor, on July 14, 2017.[3] As of the filing of this Emergency Motion, Mr. Leontaritis has made no effort to communicate with interested parties to rectify the significant deficiencies in the Updated Master Vehicle List.

10. The failure to provide sufficient information demonstrates Mr. Leontaritis' disdain for the process undertaken by the Trustee and creditors.

## IV.
## MR. LEONTARITIS' BREACHES – THE 2004 EXAMINATION

11. At 7:59 p.m. Central time on July 11, 2017 - not 5 hours after Mr. Leontaritis unconditionally agreed, under-oath before this Court, to the appear on July 27, 2017 for the 2004

---

[3] Attached hereto, incorporated herein by this reference and marked as **Exhibit 3**, is a true and correct copy of the E-mail dated July 14, 2017, from the Trustee to, *inter alia*, Counsel to the Debtor.

6

53477/0016-14692109v4

Examination - the Debtor's counsel advised various interested parties, *via* e-mail, in pertinent part:[4]

> I was just informed by the Principal, John Leontaritis, that he will not be able to make the July 27th 2004 examination, he will be out of the country from the July 24th to July 31st. The Principal and I will be available from then to August 8th (Date of Meeting of Creditors). Can we please set up a new time to hold the 2004 examination.

12. Following a series of E-Mails on July 13, 2017, among Counsel for Nations and the Debtor's Counsel, Debtor's counsel revealed, *inter alia*, that:[5]

> Mr. Leontaritis, the principal did not find out until after the hearing that he has a business meeting in Benin City, Niegeria on July 26th, 2017. Attached is a copy of the letter that he received from Nigerian Petroleum Development Company Limited. He was mistaken when he thought the meeting was in early August.

13. Strangely, the first notification from the Debtor's counsel that Mr. Leontaritis would not be able to attend the 2004 Examination was on **July 11**; however, the letter from the Nigerian Petroleum Development Company Limited, informing Mr. Leontaritis of the future meeting, was dated **July 12**. *Compare* Exhibit 4 *with* Exhibit 5. When question on this apparent ambiguity, the Debtor's counsel stated "It is a confirmation letter . . . he know [sic] of the date prior hand." *See* Exhibit 5. If Mr. Leontaritis knew of the "date prior hand" did he know it prior to the hearing on July 11; or just after the hearing on July 11, but prior to July 12?

---

[4] Attached hereto, incorporated herein by this reference and marked as **Exhibit 4**, is a true and correct copy of the E-mail dated July 11, 2017, from Counsel to the Debtor.

[5] Attached hereto, incorporated herein by this reference and marked as **Exhibit 5**, is a true and correct copy of the E-mail dated July 13, 2017, from Counsel to the Debtor, including the exhibit referenced therein.

14. Given serious nature of the breaches outlined herein, and more importantly the need for detailed information from Mr. Leontaritis with respect to the vehicles, Nations inquired if Mr. Leontaritis would available for the 2004 Examination prior to his recently disclosed travel plan. In response, the Debtor's counsel stated:[6]

> July 21st I will not be present and July 24th Mr. Leontaritis will not be present. . . . He lands back here August 2nd.

15. With respect to Mr. Leontaritis' intention to leave the Country for a meeting in Benin City, Niegeria, it should be noted:

   a. The *invitation letter* is addressed to the Managing Director, Kosta Oilfield Tech Nigeria Limited, and not to Mr. Leontaritis;[7]

   b. Mr. Leontaritis states he has "no interest in the company [Kosta Oilfield Tech Nigeria Limited]". [Emphasis added];[8]

   c. Mr. Leontaritis states that "his title is executive sales consultant";[9] and

   d. "Aniete Asubop and Josh Van Iftrick are attending the meeting with Mr. Leontaritis".[10]

16. The foregoing demonstrates that Mr. Leontaritis is subordinating his duties as Managing Member of the Debtor and his obligations to this Court to those of an entity in which he states he is an "executive sales consultant." Further, other individuals appear to be able to attend the meeting, and thus, the need for Mr. Leontaritis' attendance is questionable.

---

[6] Attached hereto, incorporated herein by this reference, and Marked as **Exhibit 6**, is a true and correct copy of the E-Mail correspondence from the Debtor's Counsel to Nations Counsel, dated July 13, 2017, at 9:11 p.m. (Central Time), and the preceding E-Mails from Nations Counsel to the Debtor's Counsel.

[7] *See* Exhibit 5.

[8] *See* Exhibit 6, at ¶ 2. Nations accepts, solely for the purposes of this Emergency Motion, as truthful, Mr. Leontaritis' statement that he has no interest in Kosta Oilfield Tech Nigeria Limited; notwithstanding the foregoing, Nations reserves all of its rights to, *inter alia*, challenge and dispute such assertion.

[9] *See id.*

[10] *See id.* at ¶ 3.

17. While Nations respects the fact that the Debtor's counsel is a one person firm,[11] Mr. Leontaritis' unavailability prior to his trip to Nigeria should not be the cause of the Trustee and creditors not being provided relevant information.

18. While Mr. Leontaritis' under-oath confirmations and the failure to comply therewith, are sufficient to demonstrate that a Contempt Order, and Order of Sanctions and an Order to Show are warranted, it should also be noted, that prior to Mr. Leontaritis' testimony under-oath, he stated to an audience of various interested parties, that he would <u>not</u> be leaving the Country until after the end of July 2017, thus warranting the selection of the date of July 27, 2017 for the 2004 Examination.

## V.
## RELEVANT FACTUAL BACKGROUND – IN THE DISTRICT COURT

19. **This is not the first time that the Debtor and Mr. Leontaritis intentionally failed and refused to comply with Orders of a Court and his discovery obligations**.

20. The United States District Court, for the Southern District of Texas, Judge Vanessa D. Gilmore, Presiding (the "**District Court**"), in the matter of *Nations Equipment Finance, LLC, et al, v. Vanderhall Exotics of Houston, LLC, John Leontaritis, et al., etc.*, USDC, SDTX, Civil Action No. 4:17-CV-852, has entered various relevant Orders.

21. **First**, in connection with a *Motion to Withdraw* as counsel for both the Debtor and Mr. Leontaritis, the District Court entered its Order providing in relevant part:[12]

---

[11] At the hearing on July 11, 2017, the Debtor appeared through Mr. Taherian. In addition, in the informal questioning that preceded the under-oath testimony, the Debtor <u>and</u> Mr. Leontaritis were also represented by Christopher Carlson.

[12] *See Order*, Docket No. 26, a true and correct copy of which is attached hereto as **Exhibit 7**.

9

53477/0016-14692109v4

> IT IS HEREBY ORDERED that Defendants' Counsel's Motion to Withdraw as Counsel (Instrument No. 24) is **DENIED**.
>
> Corporate Defendants may not appear pro se. Counsel is to appear for a hearing on this motion, with clients, on Monday, June 19, 2017 … . [Emphasis in original].

22. **Neither a representative of the Debtor nor Mr. Leontaritis appeared on June 19, 2017**. Counsel for both parties advised the Court that *Mr. Leontaritis, was out of the country on business*.

23. **Second**, following the failure of a representative of the Debtor and Mr. Leontaritis to produce documents and records responsive to Nations' post-judgement subpoenas *duces tecum*, the District Court, following a Motion by Nations, entered its Order providing in relevant part:[13]

> **ORDERED that** Defendant John Leontaritis and Defendant Vanderhall Exotics of Houston, … shall produce all documents and records responsive to Plaintiffs' subpoenas *duces tecum* . . . . no later than 5:00 p.m. on Friday, June 23, 2017 . . . . [Emphasis in original].

24. **Neither the Debtor nor Mr. Leontaritis produced any documents or records**, and as of this date still have not produced any documents.

25. **Third**, following the failure to produce documents and appear at depositions, Nations filed another Motion to compel post-judgement discovery, upon which the District Court, entered its Order providing in relevant part:[14]

> **IN FURTHERANCE** of the Courts' previous instructions and its Order [Instrument No. 29] (the "**Order Compelling the Production of Documents**"), and there being good cause shown,

---

[13] *See Order*, Docket No. 29, a true and correct copy of which is attached hereto as **Exhibit 8**.

[14] *See Order*, Docket No. 32, a true and correct copy of which is attached hereto as **Exhibit 9**.

53477/0016-14692109v4

> the Court finds that John Leontaritis ("**Mr. Leontaritis**") and a Corporate Representative for Vanderhall Exotics of Houston, LLC ("**Vanderhall**", and collectively with Mr. Leontaritis, the "**Vanderhall Defendants**") did not appear at their properly noticed depositions . . . . The Court further finds that the Vanderhall Defendants failed or refused to produce any documents by June 23, 2017, at 5:00 p.m. in violation of the Order Compelling the Production of Documents. . .
>
> **ORDERED** that the Vanderhall Defendants are hereby sanctioned for their failure or refusal to attend their properly noticed depositions and for their failure or refusal to produce any documents . . . . [Emphasis in original].

26. Each of the foregoing instances, when coupled with the most recent failures before this Court, demonstrate a pattern of dilatory conduct, disrespect for the District Court and this Court, and utter disregard for discovery obligations - warranting a Contempt Order, an Order of Sanctions, and an Order to Show Cause.

## VI.
## LEGAL STANDARD FOR THE IMPOSITION OF SANCTIONS

27. Title 11 of the United States Code, the Federal Rules of Bankruptcy Procedures, Rule 9020, and the Federal Rules of Civil Procedure, each empower this Court to enter a Contempt Order against Mr. Leontaritis, an award for Sanctions against Mr. Leontaritis, and to issue an Order to Show Cause to Mr. Leontaritis, for the failures identified above.

28. Bankruptcy courts have both inherent authority and statutory authority to enter civil contempt sanctions. The Fifth Circuit held that Section 105 of the Bankruptcy Code provides the statutory authority to conduct civil contempt proceedings. See *Placid Refining Co. v. Terrebone Fuel & Lube, Inc.* (In re Terrebonne Fuel & Lube, Inc.), 108 F.3d 609, 613 (5th Cir. 1997) ("[W]e assent with the majority of the circuits . . . that a bankruptcy court's power to

11

conduct civil contempt proceedings and issue orders in accordance with the outcome of those proceedings lies in 11 U.S.C. § 105.").

29. The Fifth Circuit has also approved of the imposition of sanctions against litigants for bad-faith conduct under a bankruptcy court's inherent authority. See *Leonard v. Luedtke* (In re Yorkshire LLC), 540 F.3d 328, 332 (5th Cir. 2008) ("It is well-settled that a federal court, acting under its inherent authority, may impose sanctions against litigants or lawyers appearing before the court so long as the court makes a specific finding that they engaged in bad faith conduct."). *See also*, *Plasticsource Workers Comm. v. Coburn*, 283 F. App'x 181, 183 (5th Cir. 2008) (finding that a defendant's prior "dilatory and obstructive conduct" in addition to the willful discovery violations at issue to warrant discovery sanctions).

30. Federal Rule of Civil Procedure 37(b)(2) enables a court to impose sanctions on a party who fails to comply with a court's discovery order.

31. Nations does not lightly seek such extreme measures against Mr. Leontaritis. However, even after Nations' reasonable expenses are paid in regard to the presentation of this Motion, Nations, and other creditors will still require the Master Vehicle List they are entitled to receive.

32. Further, with respect to the 2004 Examination, Nations requests that Mr. Leontaritis be Ordered to appear on July 27, 2017 as originally scheduled.

## VII.
## CONCLUSION

Based upon the foregoing and the attached, Nations respectfully requests that this Court find Mr. Leontaritis in Contempt of Court, Order appropriate Sanctions against Mr. Leontaritis, as well as setting an Order to Show Cause Hearing, and such other relief as the Court deems just and proper.

Respectfully submitted,

Dated: July 17, 2017

**COLE SCHOTZ P.C.**
By: */s Michael D. Warner*
Michael D. Warner (TX Bar No. 792304)
Benjamin L. Wallen (TX Bar No. 24102623)
301 Commerce Street, Suite 1700
Fort Worth, TX  76102
Telephone: (817) 810-5250
Email: mwarner@coleschotz.com
Email: bwallen@coleschotz.com

**ATTORNEYS FOR NATIONS**