## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| **VANDERHALL EXOTICS OF HOUSTON** | § | **Case No. 17-34196-H2-7** |
| *fka* **Global Motorcars of Houston, LLC,** | § | **Chapter 7** |
| *fka* **Global Motorcars of Nevada, LLC** | § | |
| **Debtor** | § | |

### THIRD COAST BANK, SSB'S
### MOTION TO LIFT STAY AGAINST CERTAIN VEHICLES

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

COMES NOW, Third Coast Bank, SSB ("**TCB**") and files this Motion to Lift Stay against Certain Vehicles (the "**Motion**") and would respectfully show as follows:

1.      On July 5, 2017, Vanderhall Exotics of Houston, LLC, f/k/a Global Motorcars of Houston, LLC, f/k/a Global Motorcars of Nevada, LLC (the "**Debtor**"), filed a voluntary chapter 11 bankruptcy petition. The case was converted to chapter 7 on July 24, 2017.

2.      TCB filed its proof of claim in this case on October 16, 2017. *See* TCB's Proof of Claim No. 6. On or about January 22, 2016, the Debtor executed a Promissory Note, payable to TCB in the original principal amount of $2,522,400.00, in connection with a Business Loan Agreement and secured by a Commercial Security Agreement in which the Debtor granted a security interest to TCB in fourteen (14) vehicles. A copy of the Note, the Business Loan

Agreement, and the Commercial Security Agreement are attached to TCB's proof of claim and to this Motion as **Exhibits A**, **B**, and **C**, respectively. *See also* TCB's Proof of Claim No. 6.

3.      The vehicles in which TCB perfected its security interest include a 2015 Mercedes S 550 with Vehicle Identification Number WDDUG8CB9FA091318 (the "**Mercedes**") and a 2013 Range Rover Supercharged with Vehicle Identification Number SALGS2EF1DA100246 (the "**Range Rover**") (collectively, the "**Vehicles**"). TCB perfected its security interest by causing its lien to be reflected on the original certificates of title to the Vehicles and by filing its Financing Statement covering the Vehicles on February 25, 2016. A copy of TCB's certificates of title for each of the Vehicles are attached hereto as **Exhibit D**, and a copy of TCB's filed Financing Statement is attached as **Exhibit E**. Exhibits D and E are also attached to TCB's proof of claim. *See* TCB's Proof of Claim No. 6. Upon information and belief, and according to the records of the Texas Department of Motor Vehicles ("**DMV**"), there are no competing liens against TCB's interests in the Vehicles.

4.      According to the records of the DMV, the Range Rover and the Mercedes have not been sold by the Debtor. On October 12, 2017, TCB sent a subpoena to the DMV requesting the DMV's records regarding all of TCB's collateral, including the Vehicles. Attached hereto as **Exhibit F** is the DMV's response to that subpoena regarding the Range Rover. As shown in Exhibit F, the Range Rover was titled in the Debtor's name on October 20, 2017 and has been titled in the Debtor's name since February 18, 2016. Exhibit F, pp. 2, 10.[1] Exhibit F further reflects that TCB's lien is still attached to the Range Rover as of January 22, 2016. Exhibit F,

---

[1]     Exhibit F contains a certificate of title issued on February 18, 2016 and a second certificate of title issued on April 5, 2016. It appears from these records that the February 18, 2016 instrument erroneously did not reflect TCB's lien, although the Debtor noted TCB's lien on its February 10, 2016 Application for Texas Title. *See* Exhibit F, pp. 10-13. This appears to be the reason that the DMV issued a Title Correction Receipt when it received the Debtor's March 28, 2016 application and why TCB's original certificate of title contained in Exhibit D shows April 5, 2016 as the date of issuance.

p. 2. Exhibit F also reflects that the Debtor applied for a certified copy of title on or about October 7, 2016 and included with that application a document titled "Prescribed Form for Release of Lien." Exhibit F, pp. 3-7. This document purports to be a release of TCB's lien; however, this document is a forgery. *See* **Exhibit G** hereto, Certificate of Forgeries [Dkt. #293], p. 2 and Exhibit 3 thereto. TCB never released its lien in the Range Rover. Exhibit G.

5.      Attached hereto as **Exhibit H** is the DMV's response to TCB's October 12, 2017 subpoena regarding the Mercedes. As shown in Exhibit H, the Mercedes was titled in the Debtor's name on October 20, 2017 and has been titled in the Debtor's name since February 3, 2016. Exhibit H, p .2. Exhibit H further reflects that TCB's lien is still attached to the Mercedes as of January 22, 2016. Exhibit H, p. 2. Exhibit H also reflects that the Debtor applied for a certified copy of title on or about October 7, 2016 and included with that application a document titled "Prescribed Form for Release of Lien." Exhibit H, pp. 3-7. This document purports to be a release of TCB's lien; however, this document is a forgery. *See* Exhibit G, p. 2 and Exhibit 3 thereto TCB never released its lien in the Mercedes. Exhibit G.

6.      The Range Rover was released to TCB from the City of Houston pursuant to this Court's January 22, 2018 Order Requiring the City of Houston to Release Vehicle [Docket No. 165] and is currently being stored in a secure location. The Mercedes was towed from the Debtor's facility on March 9, 2018 and is currently stored at the same location as the Range Rover.

7.      TCB requests that this Court enter the attached order lifting the automatic stay against the Vehicles so that TCB may pursue its state law remedies (i.e., foreclose upon its collateral interests) against the Vehicles.

8.      Section 362(d) of the Bankruptcy Code states:

(d) On request of a party in interest and after notice and hearing, the court shall grant relief from the stay … such as by terminating, annulling, modifying, or conditioning such stay—

20070603.20170528/2902520.2

> (1)     for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2)     with respect to a stay of an act against property under subsection (a) of this section, if –
>
>      (A)     the debtor does not have any equity in such property; and
>
>      (B)     such property is not necessary to an effective reorganization.

11 U.S.C. §§ 362(d)(1)&(2).

9.      Cause exists to lift the automatic stay because (i) there is no equity in the Vehicles, and (ii) the Vehicles are not necessary to an effective reorganization because the Debtor is not going to reorganize. There is no equity in the Vehicles because the Debtor owes more than the value of the Vehicles.

10.      The Range Rover was damaged when TCB recovered it from the City of Houston and needs to be repaired before it can be sold. After such repairs, which are estimated to cost at least $15,000.00, the Range Rover will still only be worth roughly $42,075.00; therefore, the potential net recovery to TCB after a sale of the Range Rover will be no more than $27,075. Additionally, TCB believes that the Mercedes is worth roughly $125,000.00. Thus, the value of the Vehicles together is significantly less than the amount of TCB's claim, which is $1,934,666.37. *See* TCB's Proof of Claim No. 6.

11.      TCB is unaware of any other creditor in this case with a lien competing with or potentially senior to TCB's. The DMV records reflect no other lienholders in the Vehicles. Exhibits F, H. TCB's lien in the Vehicles is perfected as of January 22, 2016 and reflected on the original certificates of title to the Vehicles. The Debtor's floor plan financiers were granted their floating inventory liens after January 22, 2016. *See, e.g.,* Strategic Funding Source, Inc.'s Proof of Claim No. 8 (attaching a financing statement filed on April 4, 2016 as to inventory); Westlake Flooring Services's Proof of Claim No. 16 (date of lien stated as May 13, 2016); Nations Fund I, LLC's Proof of Claim No. 14 (date of lien stated as April 7, 2016).

12.     Furthermore, TCB's lien is specific, as TCB is named on the original certificates of title to the Vehicles and TCB's Financing Statement specifically names the Vehicles with their Vehicle Identification Numbers.  Exhibits D, E.

13.     Finally, though the Debtor caused certified copies of title to be issued on the Vehicles in an ostensible attempt to remove TCB's lien, those instruments are void *ab initio* because they are based on forgeries.  A title obtained using a forged release of lien is void; therefore, subsequent purchasers do not acquire title. *NXCESS Motor Cars, Inc. v. JPMorgan Chase Bank, N.A.*, 317 S.W.3d 462, 467-68 (Tex. App.—Houston [1st Dist.] 2010, pet. denied); *Lee v. The Bank, N.A.*, 23 S.W.3d 129, 131 (Tex. App.—Austin 2000, no pet.).  Such a failure of title extends to a buyer's financier when the financier has constructive notice of the seller's financier's security interest by virtue of a filed financing statement.  *Bank One Texas, N.A. v. Arcadia Financial Ltd.*, 219 F.3d 494, 497-98 (5th Cir. 2000).  TCB is unaware of who holds these certified copies of title to the Vehicles, if anyone; but in any event, those certified copies are void as a matter of law.

14.     Accordingly, TCB's lien is senior to any lien which attached after January 22, 2016 and remains attached and perfected as of January 22, 2016.  If this Motion is granted, then upon TCB's sale or other liquidation of the Vehicles, TCB will timely provide the Trustee with an accounting and disclosure as to the manner in which the Vehicles were liquidated.

WHEREFORE, PREMISES CONSIDERED, the TCB hereby prays that the Court grant its Motion to Lift Stay against Certain Vehicles, that the Court enter the attached Order granting its Motion, and for such further relief to which they may justly be entitled.


Respectfully submitted this 6th day of September, 2018.

20070603.20170528/2902520.2

HIRSCH & WESTHEIMER, P.C.

By: */s/ Michael J. Durrschmidt*
    Michael J. Durrschmidt
    Texas Bar No. 06287650
    Victoria N. Argeroplos
    Texas Bar No. 24105799
    1415 Louisiana, 36th Floor
    Houston, Texas 77002
    Telephone: 713-220-9165
    Facsimile:  713-223-9319
    E-mail: mdurrschmidt@hirschwest.com
    E-mail: vargeroplos@hirschwest.com

**ATTORNEYS FOR THIRD COAST BANK, SSB**

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of September, 2018, a copy of the foregoing was served via first class mail, postage prepaid, and/or via the Clerk of the Court through the ECF system to the parties listed on the attached service list.

*/s/ Victoria N. Argeroplos*
Victoria N. Argeroplos