

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
11/26/2018

| | | |
|---|---|---|
| **IN RE** | § | |
| | § | |
| **VANDERHALL EXOTICS OF** | § | **CASE NO. 17-34196** |
| **HOUSTON, LLC** | § | **Chapter 7** |
| | § | |
| Debtor. | § | |

**STIPULATION BY AND AMONG THE CHAPTER 7 TRUSTEE AND NATIONS**
**REGARDING THE 2011 FERRARI 458**   (Docket No. 423)

Randy W. Williams, the duly appointed Chapter 7 Trustee in the above-captioned case (the "**Trustee**"), and Nations Equipment Finance, LLC and Nations Fund I, LLC (collectively, "**Nations**," and collectively with the Trustee, the "**Parties**"), hereby stipulate and agree as follows:

**WHEREAS**, pre-Petition, Nations loaned in excess of $4 Million to Vanderhall Exotics of Houston, LLC f/k/a Global Motor Cars of Houston LLC (the "**Debtor**") in connection with, *inter alia*, loans to acquire vehicles (the "**Nations' Loans**"). The Nations' Loans were secured by, *inter alia*, liens against various vehicles. In connection with the Nations' Loans those documents included in *Nations' Supplemental Exhibits in Support of Liens* [Docket No. 179], are relevant (collectively, the "**Nations' Loan Documents**"), and each of which is incorporated herein by this reference;

**WHEREAS**, pre-Petition, following the Debtor's various breaches of the Nations' Loan Documents, Nations pursued its rights and remedies against the Debtor and others, including the Debtors' principal, John Leontaritis ("**Mr. Leontaritis**"), by, *inter alia*, filing a Complaint in the United States District Court, Southern District of Texas, Houston Division (the "**District**

1

**Court**").  On April 7, 2017, the District Court entered a Judgment against the Debtor in the amount of $4,070,075.76;

**WHEREAS**, pre-Petition, on April 7, 2017, and concurrent with the entry of the Judgment, the Debtor and Mr. Leontaritis entered into a Settlement Agreement, including various forbearance provisions, with Nations, (the "**Nations' Settlement Agreement**").  Among the various provisions of the Nations' Settlement Agreement, Nations was granted, *inter alia*, interests in vehicles, to be evidenced by a Texas Certificate of Title, as consideration for Nations' agreement to forbear on exercising its rights pursuant to the terms of the Nations' Loan Documents and the Nations' Settlement Agreement, including that certain 2011 Ferrari 458, VIN XXXXXXXXXXXXXX7160 (the "**Ferrari**");

**WHEREAS**, pre-Petition, on April 26, 2017, the Debtor caused the Ferrari to be listed on an Original Texas Certificate of Title, subject to Nations' first priority lien, and for such Original Texas Certificate of Title (the "**Original Certificate of Title**") to be issued by the Texas Department of Motor Vehicles (the "**Texas DMV**") and delivered to Nations.  The Original Certificate of Title, reflecting ownership in the name of the Debtor, subject to Nations' first priority lien, remains in Nations' possession as of the date hereof;

**WHEREAS**, pre-Petition, upon information and belief, the Texas DMV issued a Certified Copy of a Texas Certificate of Title for the Ferrari without authorization by any present owner or lienholder of the Ferrari;

**WHEREAS**, pre-Petition, upon information and belief, the Ferrari was purportedly sold to a third party, Kolisek Investments, LLC ("**Kolisek**"), pursuant to the unauthorized Duplicate Certificate of Title.  Upon information and belief, Kolisek is in possession of the Ferrari as of the date hereof;

**WHEREAS**, pre-Petition, the Debtors failed to timely make the payments due and owing pursuant to the terms of that certain Nations' Settlement Agreement;

**WHEREAS**, on July 5, 2017, the Debtor filed a voluntary petition for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**");

**WHEREAS**, on July 12, 2017, the Court entered its Order appointing the Trustee as a Chapter 11 Trustee [Docket No. 44];

**WHEREAS**, on July 24, 2017, the Court entered its Order Converting the Debtor's Chapter 11 Case to a Case under Chapter 7 of the Bankruptcy Code [Docket No. 70];

**WHEREAS**, on July 24, 2017, the office of the United States Trustee appointed the Trustee as a Chapter 7 Trustee, and thereafter the Trustee became the duly appointed, qualified and acting Chapter 7 Trustee [Docket No. 71];

**WHEREAS**, among the assets of the Debtor's estate are various vehicles and interests in vehicles.  Since the Trustee's appointment, the Trustee has endeavored to identify and locate all such vehicles, and the liens, claims, and encumbrances in and to such vehicles.  This Stipulation addresses the Ferrari and does not relate to any other vehicles;

**WHEREAS**, as of the date of this Stipulation, Nations has a claim against the Debtor in excess of $4.5 Million [Proof of Claim No. 14] (the "**Nations' Claim**").

## BASED UPON THE FOREGOING RECITALS, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:[1]

1.    <u>Best Interests of the Estate and the Debtors' Creditors</u>. This Stipulation is in the best interests of the Estate and the Debtors' creditors because it represents a mutually beneficial

---

[1] The preceding recitals are intended to be factual recitations of the Parties and are therefore incorporated into the stipulated terms herein, and are intended to be incorporated into the Courts' Order approving this Stipulation.

agreement to recover and liquidate the Ferrari for the benefit the Debtors' creditors and the Estate.

2.      <u>Nations' Liens and Claim</u>. The Trustee has determined and believes that: (a) Nations holds validly perfected, unavoidable, and first priority liens and encumbrances against the Ferrari; (b) the Nations' liens and encumbrances on the Ferrari are not subject to avoidance, subordination, challenge, or attack in any manner by the Debtor's estate or the Trustee; (c) but for the Debtor's bankruptcy filing, Nations would be entitled to immediately possess the Ferrari and immediately foreclose on the same; and (d) the Nations' Claim is in excess of the net liquidation value of the Ferrari (even after taking into consideration other collateral, not addressed in this Stipulation, that is also subject to Nations' liens).

3.      <u>The Trustee's Recovery and Liquidation of the Ferrari</u>. The Trustee shall be authorized and empowered, subject only to the limitations herein and approval of this Stipulation by the Bankruptcy Court, to take all action necessary to recover the Ferrari from Kolisek or any other party in possession of, or asserting an interest in, the Ferrari on behalf of the Estate and Nations.  Upon the recovery of the Ferrari, the Trustee shall be authorized and empowered, subject only to the limitations herein and appropriate approval of the Bankruptcy Court, to take all appropriate actions to liquidate the Ferrari on behalf of the Estate and Nations in order to maximize the value to the same.  In the event that the Trustee seeks to enter into a settlement with respect to the Ferrari, the Trustee agrees to first obtain the consent of Nations before entering into any such settlement and seeking the Bankruptcy Court's approval thereof.  Should Nations notion not consent to any proposed settlement with regard to the Ferrari, the Trustee shall be entitled to present the issue to the Bankruptcy Court and Nations shall be entitled to oppose any such presentation.

4.     <u>Nations' and the Estate's Interests in the Ferrari</u>.  In consideration of the time, effort, and costs associated with the Trustee's recovery of and any liquidation or settlement with respect to the Ferrari and for the stipulations contained herein, and upon approval of this Stipulation, Nations hereby assigns to the Estate, and the Estate shall have, a 40% interest in the Ferrari and any gross liquidation, settlement, or any other proceeds therefrom.  Nations shall retain all of its rights to the remaining of its 60% interest in the Ferrari and any gross liquidation, settlement, or any other proceeds therefrom.  Any Motion regarding the liquidation of, or a settlement concerning, the Ferrari shall comply with the terms herein.

5.     <u>Costs and Surcharge</u>.  The Trustee shall not seek to surcharge Nations, Nations' collateral, the Ferrari, or any liquidation or settlement proceeds therefrom with respect to the Ferrari or any liquidation or settlement proceeds therefrom pursuant to Section 506 or any other relevant section of the Bankruptcy Code or applicable law.  For the avoidance of doubt, any costs, expenses, or legal fees incurred with respect to locating, possessing, liquidating, transportation, recovering, or repairing the Ferrari shall be deducted from that portion of the 40% of the gross proceed allocated to the Estate.  The Trustee is obligated to acquire and maintain any necessary insurance coverage and any approvals which may be required to possess or liquidate the Ferrari.  Each of the Parties shall be responsible for their own respective attorney's fees and costs in connection with the negotiation this Stipulation or exercising any rights hereunder.

6.     <u>Proceeds from the Ferrari</u>.  The Trustee shall issue payment to Nations of its 60% interest in the Ferrari within five days of receipt of any proceeds from the the liquidation, settlement, or any other disposition of the Ferrari.

7.     <u>Reservation of Rights</u>.  By entering into this Stipulation, the Parties do not waive any of their respective rights and remedies, including Nations' rights and remedies under the

Nations' Loan Documents, pursuant to any other agreement that Nations may have with any other party, under applicable law, all of which are expressly preserved, except as modified by this Stipulation and only to the extent the Stipulation is approved by the Bankruptcy Court and fully complied with by the Parties.

8.     <u>Immediate Effect of this Stipulation and Waiver of Any Applicable Stay</u>-Notwithstanding anything to the contrary in the Bankruptcy Code, Bankruptcy Rules or Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of Texas, neither the Bankruptcy Court's approval of this Stipulation nor the effectiveness of the Stipulation shall be stayed in any respect, either pursuant to FED. R. BANKR. P. 4001(a)(3), or otherwise.   The Stipulation shall be effective immediately upon entry and the Parties are expressly authorized to take any and all actions necessary or appropriate to effectuate the terms of this Stipulation.

9.     <u>Binding Effect</u>.   This Stipulation is binding on the Parties, their successors, assigns, affiliates, officers, directors, shareholders, investors, members, employees, agents, and professionals, including any successor trustee or examiner.

10.     <u>Jurisdiction</u>.  The Bankruptcy Court shall retain exclusive jurisdiction to hear and determine all matters or disputes arising from or relating to the interpretation and/or enforcement of this Stipulation.   In the event of a dismissal, the Bankruptcy Court will nonetheless retain jurisdiction and authority to enforce this Stipulation and the Parties' compliance with all of their obligations under this Stipulation.

11.     <u>Survival</u>.  This Stipulation shall expressly survive the dismissal or conversion of this Bankruptcy Case.

12.    <u>Effectiveness and Enforceability of this Stipulation</u>.  The Parties expressly agree and acknowledge that this Stipulation is subject to the Court's approval and absent the Bankruptcy Court's entry of an Order approving this Stipulation, this Stipulation shall have no force and effect and shall not otherwise bind or obligate the Parties.  The Parties further agree that no subsequent Order of the Bankruptcy Court shall modify the terms of this Stipulation, except as agreed to in writing by the Parties.

**AGREED AS TO FORM AND CONTENT**:

Dated:  August <u>28</u> , 2018

**PORTER HEDGES, LLP**

By: /s/ Joshua W. Wolfshohl
Joshua W. Wolfshohl
(TX Bar No. 24038592)
1000 Main Street,
36th Floor,
Houston, Texas 77002
Telephone: 713-226-6631
Facsimile: 713-226-6231
Email: jwolfshohl@porterhedges.com

*Counsel to the Chapter 7 Trustee*

**COLE SCHOTZ P.C.**

By:
Michael D. Warner
(TX Bar No. 00792304)
Benjamin L. Wallen
(TX Bar No. 24102623)
301 Commerce Street,
Suite 1700,
Fort Worth, Texas 76102
Telephone: 817-810-5250
Facsimile: 817-977-5273
Email: mwarner@coleschotz.com
Email: bwallen@coleschotz.com

*Counsel to Nations*

ACCEPTED AND APPROVED:

**Signed:  November 26, 2018.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**