UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | CASE NO. 17-34196 |
| VANDERHALL EXOTICS OF | § | |
| HOUSTON, LLC f/k/a/ GLOBAL | § | |
| MOTORCARS OF HOUSTON, LLC, | § | CHAPTER 7 |
| | § | |
| Debtor. | § | |

**TRUSTEE'S MOTION TO COMPROMISE CONTROVERSY WITH CITIBANK, N.A.
PURSUANT TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY
<u>PROCEDURE</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU
OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING
PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT
AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING
PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE
DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE
MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY
RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO
YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT,
YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE,
THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE
THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**To the Honorable David R. Jones,
Chief United States Bankruptcy Judge:**

Randy W. Williams (the "<u>Trustee</u>"), chapter 7 trustee for the estate of Vanderhall Exotics

of Houston, LLC f/k/a Global Motorcars of Houston, LLC (the "<u>Debtor</u>"), files this Motion to

Compromise Controversy with Citibank, N.A. ("<u>Citi</u>" or "<u>Settling Party</u>"), pursuant to Rule 9019

of the Federal Rules of Bankruptcy Procedure.

**<u>Summary of Relief Requested</u>**

1.     The Trustee seeks approval of a settlement concerning the Trustee's fraudulent

transfer claims asserted against Citi in Adversary Proceeding No. 19-3565.  Under the proposed

compromise, the Settling Party shall pay the Trustee $75,000.00 and the Trustee shall release all claims against the Settling Party. Citi waives the right to assert a claim under 11 U.S.C. § 502(h). A detailed description of the proposed compromise is set forth below. A copy of the parties' Settlement Agreement is attached hereto as Exhibit A. While the Settling Party has agreed to the proposed compromise, the factual recitations set forth herein are solely those of the Trustee and are not necessarily agreed to by the Settling Party.

### Statement of Facts

2.      On July 5, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11.

3.      On July 18, 2017, the Trustee was originally appointed as the chapter 11 trustee in this case. On July 24, 2017, upon the motion of the Trustee, the case was converted to chapter 7. Subsequently, the Trustee was duly appointed as the chapter 7 trustee in this case.

4.      On July 3, 2019, the Trustee filed suit against Citi seeking to avoid and recover a total of $215,409.84 in transfers from the Debtor to Citi in the two years prior to the Petition Date as fraudulent transfers under 11 U.S.C. § 548 and applicable state law. The Trustee alleged that the transfers made by the Debtor were on account of personal charges of John Leontaritis, the owner of the Debtor, that did not benefit the Debtor. Of the transfers, $22,200.00 were made in the 90 days prior to the Petition Date, and the Trustee alternatively sought to avoid and recover those transfers as preferential transfers under 11 U.S.C. § 547.

### The Proposed Settlement

5.      Subject to Court approval, the parties have agreed as follows:

- Within twenty (20) days from the execution of the Settlement Agreement and receipt of a Form W-9, the Settling Party shall pay to the Trustee $75,000.00 (the "Settlement Payment"). The Settlement Payment shall be made to the Trustee's counsel's trust account and held pending approval of this compromise;.

2

9593953v1

- Upon entry of this Order, counsel for the Trustee shall transfer the Settlement Payment to the Trustee.

- Upon entry of this Order, the Trustee releases all potential causes of action the estate may have against the Settling Party, including but not limited to causes of action pursuant to Chapter 5 of the Bankruptcy Code.

- Upon entry of this Order, the Settling Party waives the right to file a claim under 11 U.S.C. § 502(h).

### Merits of the Compromise

6.      The merits of a proposed compromise should be judged under the criteria set forth in *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414 (1968). *TMT Trailer* requires that a compromise must be "fair and equitable." *TMT Trailer*, 390 U.S. at 424; *In re AWECO, Inc.*, 725 F.2d 293, 298 (5th Cir.), *cert. denied*, 469 U.S. 880 (1984). The terms "fair and equitable" mean that (i) senior interests are entitled to full priority over junior interests; and (ii) the compromise is reasonable in relation to the likely rewards of litigation. *In re Cajun Electric Power Coop.*, 119 F.3d 349, 355 (5th Cir. 1997); *In re Jackson Brewing Co.*, 624 F.2d 599, 602 (5th Cir. 1980).

7.      In determining whether a proposed compromise is fair and equitable, a Court should consider the following factors:

> (i)      the probabilities of ultimate success should the claim be litigated;
>
> (ii)     the complexity, expense, and likely duration of litigating the claim;
>
> (iii)    the difficulties of collecting a judgment rendered from such litigation; and,
>
> (iv)    all other factors relevant to a full and fair assessment of the wisdom of the compromise.

*TMT Trailer*, 390 U.S. at 424.  The Fifth Circuit has further elaborated on the factors to be considered in evaluating the wisdom of a proposed settlement.  One factor to be considered is "the paramount interest of creditors with proper deference to their reasonable views."  *In re Foster*

3

*Mortgage Corp.*, 68 F.3d 914, 917 (5th Cir. 1996).  Another factor bearing on the wisdom of the compromise is the extent to which the proposed settlement is the product of arms-length negotiation.  *In re Foster Mortgage Corp.*, 68 F.3d 914, 918 (5th Cir. 1996).  In deciding whether to accept a compromise, a trustee is required to reach an informed judgment, after diligent investigation, as to whether it is prudent to eliminate the inherent risks, delays, and expense of prolonged litigation.  *In re Mailman Stream Carpet Cleaning Corp.*, 212 F.3d 632 (1st Cir. 2000).  A court is not to substitute its own judgment for that of the trustee, but rather to "canvass the issues" and determine whether the settlement "falls below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 609 (2d Cir. 1983).

8.      The Trustee believes that the proposed compromise satisfies the requirements established by the Supreme Court in *TMT Trailer*.

**<u>Analysis of Proposed Compromise</u>**

9.      <u>Probabilities of Ultimate Success</u>.  The Trustee believes he would ultimately prevail at trial on at least some, but not all, of the transfers in the complaint.  Through informal discovery between the parties, the Trustee determined that a $55,015.00 transfer dated May 3, 2016, which the Debtor's bank statement shows as being sent to Citi itself was actually sent to a Citi account in the name of another defendant, Juergen Pichler.  Additionally, the monthly statements of John Leontaritis show that he would frequently charge amounts to his personal Citi card with the Debtor as the merchant.  Thus, when the Debtor would later pay off Leontaritis' personal credit card bill a portion of those payments were funds that had been essentially "loaned" to the Debtor by Citi through charges on Leontaritis' personal card.  Approximately $68,000 of the charges provided some direct or indirect benefit to the Debtor.  Accordingly, out of the approximately $215,000 in transfers listed in the complaint, the Trustee's best case scenario at trial would be $92,000.  The

Trustee recognizes that litigation always involves risk and uncertainty to all litigants.  The Trustee believes the compromise of $75,000.00 accurately reflects the risks of litigation balanced with the expenses discussed below.  Accordingly, this factor favors approval of the compromise.

10.     <u>Complexity, Expense and Likely Duration</u>.  Counsel for the Trustee is retained on an hourly fee basis in this case.  The adversary proceeding has not progressed beyond the filing of the complaint.  Citi has not yet filed an answer.  The Trustee estimates that the administrative expenses for counsel's prosecution of the case to trial, if necessary, could equal or exceed the discount being given to the Settling Party in this compromise.  While the Trustee is seeking his attorneys' fees in the adversary proceeding, there is no certainty that they will be recoverable.  Accordingly, settling this action early in the course of the adversary proceeding saves the estate both legal fees and expenses.  This factor supports the proposed settlement.

11.     <u>Difficulty in Collecting Judgment</u>.  This factor did not weigh in the Trustee's consideration of the proposed settlement because Citi is a stable and solvent defendant.

12.     <u>Other Factors</u>.  The Trustee believes that the proposed compromise is equitable and serves the purposes underlying the Bankruptcy Code.

Accordingly, the Trustee requests that this Court approve the proposed settlement and compromise set forth above and for such other relief as is just.

9593953v1

Dated:  October 14, 2019.

Respectfully submitted,

**Porter Hedges LLP**

By:    */s/ Joshua W. Wolfshohl*
       Joshua W. Wolfshohl
       State Bar No. 24038592
       Aaron J. Power
       State Bar No. 24058058
       1000 Main Street, 36th Floor
       Houston, Texas 77002
       (713) 226-6000
       (713) 228-1331 (fax)

**Counsel for the Trustee**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was duly served by United States first class mail to all parties listed on the attached Service List and by electronic transmission to all registered ECF users appearing in the case on October 14, 2019.

*/s/ Joshua W. Wolfshohl*
Joshua W. Wolfshohl

9593953v1

## SERVICE LIST

| | |
|---|---|
| Hi Tech Imports, LLC dba Audi North Austin<br>c/o William T. Green, III<br>11 Greenway Plaza, Suite 2820<br>Houston, TX 77046-1114<br>[RETURNED MAIL] | Empire Exotic Motors, Inc.<br>15051 E Beltwood Pkwy.<br>Addison, TX 75001-3716 |
| State Farm Mutual Insurance Company of Texas<br>1251 State Street<br>Suite 1000<br>Richardson, TX 75082-2202 | State Farm Mutual Automobile Insurance Company<br>One State Farm Plaza<br>Bloomington, IL 61710-0001 |
| Vanderhall Exotics of Houston,<br>12978 Sugar Ridge Blvd.<br>Stafford, TX 77477-3147 | Third Coast Bank SSB<br>c/o Michael J. Durrschmidt<br>Hirsch 6 Westheimer, P.C.<br>1415 Louisiana, 36th Floor<br>Houston, TX 77002-7360 |
| Kim Le<br>c/o Law Office of Vy-Vivian Nguyen, PLLC<br>1400 Broadfield Blvd, Ste. 600<br>Houston, TX 77084-5133 | Westlake Flooring Company, LLC<br>d/b/a Westlake<br>c/o Mark A. Platt<br>Dunham Biles<br>Fox Rothschild LLP<br>5420 LBJ Fwy., Suite 1200<br>Dallas, TX 75240-6215<br>[RETURNED MAIL] |
| David Frezel<br>c/o Papa M. Dieye<br>112 West 4th St<br>Houston, TX 77007-3602 | Allegiance Bank<br>P.O. Box 41314<br>Houston, TX 77241-1314 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | Harris County, Texas<br>Vince Ryan, Harris County Attorney<br>c/o Garland Mcinnis, Asst County Atty<br>1019 Congress, 15th Floor<br>Houston, TX 77002-1768 |
| State Farm Insurance<br>c/o Katten, Muchin, Rosenmna, LLP<br>1301 McKinney Street, Ste. 3000<br>Houston, TX 77010-3033 | Simon W. (Trey) Hendershot, III<br>Hendershot, Cannon, Martin & Hisey<br>1800 Bering Drive, Suite 600<br>Houston, Texas 77057 |

1

The Dushkin Law Firm
4615 Southwest Fwy, Ste. 600
Houston, TX 77027-7142

Strategic Funding Sources
120 W. 45th Street
New York, NY 10036-4195

Allegiance Bank
c/o Jim D. Hamilton
Xochytl Greer
John S. Mayer
Ross Banks May Cron & Cavin, PC
7700 San Felipe, Suite 550
Houston, TX 77063-1618

Office of the US Trustee
Attention: Hector Duran
515 Rusk Ave., Ste. 3516
Houston, TX 77002-2604

Moody National Bank
2302 Postoffice St.
Galveston, TX 77550-1935

Wells Fargo Bank, N.A.
d/b/a Wells Fargo Dealer Services
420 Montgomery St.
San Francisco, CA 94104-1298

TD Auto Finance LLC
c/o McGlinchey Stafford
Attn: Stephanie Laird Tolson
1001 McKinney Street
Suite 1500
Houston, TX 77002-6420

Westlake Flooring Services
4751 Wilshire Blvd, Ste. 100
Los Angeles, CA 90010-3847

Wells Fargo Bank, N.A.
J.R. Jones Law PLLC
6026 Remson Hollow Lane
Katy, TX 77494-4376

Wells Fargo Dealer Services
PO Box 997517
Sacramento, CA 95899-7517

United States Bankruptcy Court
PO Box 61010
Houston, TX 77208-1010

Woodside Credit, LLC
c/o Padfield 6 Stout, L.L.P.
421 W. Third Street, Ste. 910
Fort Worth, TX 76102-3751

GPI TX-HGM, Inc.
DBA David Taylor Cadillac
c/o Johnson, DeLuca, Kurisky & Gould
4 Houston Center
1221 Lamar, Ste. 1000
Houston, TX 77010-3050

Randy W. Williams
Thompson & Knight LLP
811 Main St., Suite 2500
Houston, TX 77002

2

6281296v1

Frederick Black
Tara B. Annweiler
Marc D. Young
Greer, Herz & Adams, LLP
One Moody Plaza, 18th Floor
Galveston, Texas 77550

Westbound Bank
655 W. Grand Parkway South
Katy, TX 77494-8327

National Equipment Financing
501 Merritt Seven, 6th Floor
Norwalk, CT 06851-7002

Nima Taherian
701 N. Post Oak Rd, Ste. 216
Houston, TX 77024-3868

FSVT LSR
Carbiz Solutions
Choat Larry LSE
505 Manhattan Beach Blvd 11
Rancita, CA 92066
[RETURNED MAIL]

Michael D. Warner
Benjamin L. Wallen
301 Commerce Street, Suite 1700
Fort Worth, TX 76102

Third Coast Bank SSB
20202 Highway 59 North, Ste. 190
Humble, TX 77338-2403

J. Nathan Overstreet & Assoc. P.C.
8711 Highway 6, North, Suite #230
Houston, Texas 77095

Donald L Turbyfill
5120 Woodway Dr., Ste. 9000
Houston, TX 77056-1725

Todd B. Headden
Assistant Attorney General
Texas Attorney General's Office
Bankruptcy & Collections Division
P. O. Box 12548- MC 008
Austin, Texas 78711-2548

Liza A. Greene
Laura Dale & Associates, P.C.
1800 St. James Place, Suite 620
Houston, Texas 77056

Dominique Varner
Michael Weems
Hughes, Watters, & Askanase, L.L.P.
1201 Louisiana, 28th Floor
Houston, Texas 77002

Lisa M. Norman
Andrews Myers, P.C.
1885 St. James Place, 15th Floor
Houston, Texas 77056

Saparamjeet Singh
6419 Gusty Trail Lane
Houston, TX 77041

Shawn M. Grady
Sheehy, Ware & Pappas, P.C.
909 Fannin Street, Suite 2500
Houston, TX 77010-1008

Philip J. Landau
Shraiberg Landau & Page, P.A.
2385 NW Executive Center Drive, #300
Boca Raton, Florida 33431

3

Carlos David Velasco
10861 Shady Ln., Ste. #7
Houston, TX 77093

Cleveland R. Burke
Waller Lansden Dortch & Davis, LLP
100 Congress Ave., Suite 1800
Austin, Texas 78701

Joseph W. Walker
Franklin, Mosele & Walker, P.C.
2060 North Loop West, Suite 230
Houston, TX 77018
[RETURNED MAIL]

American Express
PO Box 981537
El Paso, TX 79998

Texas Department of Motor Vehicles
4000 Jackson Ave
Austin, TX 78731

SunTrust Bank
c/o Geraldine Kail
225 E. Robinson St., Ste. 250
Orlando, FL 32801

Stephen W. Lemmon
Rhonda Mates
Afton Sands
Timothy P. Ribelin
Husch Blackwell LLP
111 Congress Avenue, Suite 1400
Austin, Texas 78701

Christopher L. Carlson
228 Westheimer
Houston, Texas 77006

Josh M. Harrison
P.O. Box 8278
The Woodlands, Texas 77387-8278

F. Lauderdale Collection
500 N. Federal Hwy
Pompano Beach, FL 66062

Mark S. Finkelstein
Shannon, Martin, Finkelstein,
Alvarado & Dunne, P.C.
1001 McKinney Street, Suite 1100
Houston, TX 77002-6424

Internal Revenue Service
PO Box 21126
Philadelphia, PA 19114-1294
[RETURNED MAIL]

Carfax
Barr Credit Services, Inc.
5151 E. Broadway Blvd., Ste. 800
Tucson, AZ 85711

SunTrust Bank
Corporation Service Company d/b/a
CSC-Lawyers Incorporating Service Company
211 E 7th Street, Suite 620
Austin, TX 78701

Tara L. Grundemeier
Linebarger Goggan Blair & Sampson, LLP
PO Box 3064
Houston, TX 77253-3064

John Stern
Attorney General's Office
Bankruptcy & Collections Division
P.O. Box 12548
Austin, TX 78711-2548

Owen M. Sonik
Perdue, Brandon, Fielder, Collins & Mott, L.L.P.
1235 North Loop West Suite 600
Houston, TX 77008

4

H. Brad Parker
 H.Brad Parker, P.C.
2180 North Loop West, Suite 510
Houston, Texas 77018-8002.

Meagan Martin Powers
Martin Powers & Counsel, PLLC
600 E. John Carpenter Fwy., Suite 234
Irving, TX 75062

5